Mr. Justice-Thimble
 

 delivered the opinion of the Court.—
 

 This action of ejectment, was commenced in the Circuit Court,, held in East Tennessee,;by suing out a writ of
 
 capias ad
 
 respondendum, accompanied with the' declaration; and the tenants in possession held'to bail, to answer to the aGtion, in the manner provided for by a statute of the state. The original declaration contained two counts; the first, onthe demise of Hol-lingsworth and Kaighn,.citizens of.Pennsylvania; the second, on. the demise of Joseph Blake and Daniel Green; citizens of Massachusetts.
 

 The tenants appeared, and-pleaded not- guilty, upon-which issue was joined. A -trial was had, and a
 
 nonsuit
 
 suffered by the plaintiff, which Was set aside on the payment of costs. After these proceedings, the Court, on the motion of the-plaintiff, pertnitted the declaration to be -amended;.by adding -a count, on the demise' of Benjamin Spencer, a citizen of Missouri. The parties went to trial without any other pleadings, -and .a verdict-having been found for the plaintiff, upon the third or new count; judgment was thereon rendered in his favour; to- reverse which»the defendants have prosecuted this writ of error.
 

 They alledge the judgment is erroneous and should be're-ve'rsed.—
 

 
 *168
 
 Isdy. ‘Because, the count on which judgment was rendered against them, does not show that Missouri is one of the United States.
 

 2dly. Because, the Court permitted the declaration to be. amended, by adding a new count,-‘.on the demise of Benjamin Spencer;, and especially as the amendment was permitted with payment of costs.
 

 Sdly. Because, no plea was filed .to the new count, nor any issue made up thereon.
 

 The first objection was very properly not pressed, in argument.' The count alleges Benjamin.'Spehcer to be a ,citizen of the
 
 state
 
 of Missouri. .This count was filed .after Missouri was •admitted as a state into the,. Union ; and there can' be-'no question but that this, and every other Court in the nation, are bound, to take notice of the- admission of a state, as-one of the United States, without any express averment of the fact.
 

 In' support of the s'econd objection,' it is urged that the admission of :the new count, on the demise of anew lessor, made á material alteration in. the suit; that the suit having been ori.ginally commenced under the state practice, by writ of
 
 capias ad respondendum,
 
 to which the. former lessors.only.were parties, the amendment was, in substance, and effect, the institution of a new suit, or at least grafting a new one upon the'oldand produced an 'incongruity upon the record;' the first and second counts, and the pro’ceedings oh them, being proceedings under the statute, and the third or new count, a proceeding at common law; and, that according to established principles of pracr tice, it should have been allowed, if-at all, only on payment' of costs'.
 

 This argument would be entitled to great, and' perhaps decisive influence, jf addressed to d Court; having any discretion or power over the subjectof amendments.
 

 ' But the aííowance and, refusal of' amendments in the pleadings, the granting or refusing; pew trials; and indeed, most other incidental orders made in the progress' of a' cause, before trial; aré matters, so peculiarly'addressed to the sound discretion of the Courts of original jurisdiction, as to. be fit for their decision only,'under their own rules'and-modes .of'practice. • This, it is true, may, occasionally','lead to particular'hardships; but on the other hand, thejgeneral.inconvenience of this Court attempting to revise and correct all the intermediate proceedings in suits, betweén their commencement and final judgment, would' be' intolerable.,, This Court haá always ■ declined interfering in such cases p accordingly -it was held by the Court in Wood vs. Young, 4
 
 Cranch,
 
 237; that the refusal of the Court below, to continue a cause, after it is at iSsue, is not a matter upon which error can be assigned.- That the refusal of
 
 *169
 
 the Court below to grant a. new trial, is not ffiatter for which a writ of error lies,
 
 5 Cranch,
 
 11, 187, and 4
 
 Wheat. 220;
 
 and that the refusal of the Court below, to allow a plea to be amended, or a new plea to be filed, or to grant a new trial, or to continue a cause, cannot be assigned as a cause of. reversal or a writ of error. We can perceive no distinction in principle between these cases, and the one before the Court. We must take the declaration, including the amendment, as we find it on the record. Nor can we interfere, because the,Court below did not, as it ought, require the costs formerly accrued, to be paid as a condition of the amendment.
 

 The authorities cited by the learned counsel, do not, we think, support his last position; — that the judgment is erroneous, because a plea was not filed to the new count. ■ They prove, unquestionably, that upon the amendment being made to the declaration,' by adding a count, the defendants had a right to plead
 
 de novo;
 
 they prove nothing more. They do not show that the defendants, in such cases, must necessarily plead'
 
 de novo;
 
 or that judgment may be entered by default, for want of a plea to the new count, if, before the amendment, he has pleaded the general issue. We think the practicte is well settled to the contrary. The defendant has a right,' if.he will, to withdraw his former plea, and plead afiew, either the general issue, or any further or other pleas, which his case may require; but he may, if he will, abide by his plea already pleaded, and waive his right of pleading
 
 de novo.
 
 His failure to plead, and going to trial without objection, are held to he a waiver of his right to plead, and an election to abide by his plea; and if it, in terms, purports to go to the whole action, as is the case in this instance, it is deemed sufficient to cover the whole declaration;, and puts,the plaintiff to the proof of his case, on the new as well as on the old counts.
 

 This is the general doctrine in other forms of action, such as trespass and assumpsit; and we see no reason to distinguish the action of ejectment,, or take it out of the general rule.
 

 Judgment affirmed, with costs.