## ISAIAH C. CALDWELL vs. SUMNER COLE.

One joint owner of personal property is, from interest, an incompetent witness for the other, where the title to such property is in issue.

Where a Judge of the Court of Common Pleas rejects a deposition on account of interest in the deponent, and the party offering it moves for a continuance for that cause, and the continuance is refused; such refusal is but an exercise of discretionary power, and not matter on which exceptions can be sustained.

EXCEPTIONS from the Court of Common Pleas.

The action was *trover* for the conversion of a watch on the 10th of *Nov.* 1834, and was tried on the general issue before *Whitman C. J.*

The plaintiff proved by one *Perry*, that the defendant and *Nathaniel Ward* stated, that they were joint owners of the right of using a patent threshing machine for a certain territory and that the plaintiff and *Perry*, the witness, agreed to purchase of the defendant and *Ward*, on certain conditions; that the watch sued for was delivered by the plaintiff to the defendant to go in part payment for the right to use said machine, if the bargain was completed. The defendant offered in evidence the deposition of said *Ward*, the substance of which sufficiently appears in the opinion of this Court; which deposition was objected to by the plaintiff's counsel on the ground, that *Ward* was interested in this suit, as appeared by the testimony of *Perry* and his own statement in the deposition. The Judge sustained the objection, and refused to permit the deposition to be used. Whereupon the defendant's counsel moved the Court for a continuance upon the ground, that as his deposition was now rejected, he was taken by surprise by the objection, and was not now prepared for trial, and that if a continuance were granted, *Ward* would discharge himself from all interest he might have in the watch. The Judge refused to grant a continuance, and directed the cause to proceed to the jury. The jury returned a verdict for the plaintiff, and the defendant excepted to the ruling of the Judge, both in rejecting the deposition and in refusing to grant a continuance.

*D. Goodenow*, for the defendant, argued in support of the objections taken in the Court of Common Pleas, and cited on the first point; 1 *Phillips' Ev.* 38; *Hasbrouck* v. *Lown*, 8 *Johns.*

*R.* 377; 2 *Starkie on Ev.* 755, 764, 765, 766; *White* v. *Phil-brook,* 5 *Greenl.* 147; *Standish* v. *Parker,* 2 *Pick.* 20.

He cited on the second point, 1 *Greenl.* 417, *Rule* 23; *Stat. ch.* 193, *sec.* 5.

*S. Emery* argued for the plaintiff, and cited *Gage* v. *Stewart,* 4 *Johns. R.* 293.

After a continuance *nisi,* the opinion of the Court was delivered by

Weston C. J. — The defendant attempted to prove at the trial in the Common Pleas, that the watch in controversy did not belong to the plaintiff, but had been transferred to him and one *Ward,* on a contract made between them, in regard to a patent right. He offered the deposition of *Ward,* from which it appears, that the defendant had delivered the watch, in part fulfilment of the purchase, the plaintiff and one *Perry* had agreed to make. The interest of *Ward* is very manifest. He sets up a joint property in the watch, and if the defendant prevails, it will be equally for the benefit of *Ward,* and they will hold it, free of any claim, on the part of the plaintiff. For if he cannot charge *Cole,* who received the watch, he can hardly hope to prevail against *Ward.* But if he should bring an action against the latter, if *Ward* is a good witness for *Cole,* he is equally so for *Ward ;* and between them both, the plaintiff may be defeated ; and that for their joint benefit.

Whether the cause should be continued or not, vested in the discretion of the Judge below ; and is not matter, upon which exceptions can be sustained.

*Exceptions overruled.*