THOMAS VICKERS, plaintiff in error *v.* JANE HILL, administratrix, and JOHN M. WEBSTER, administrator of the estate of CURTIS HILL, deceased, defendants in error.

*Error to Marion.*

The granting and refusing of continuances, is a matter of sound legal discretion, resting entirely with the Circuit Court; and that Court is to judge whether the party applying for a continuance, has complied with the requisitions of the statute; and the decision of the Court in such cases cannot be assigned for error.

If an exception exist to this general rule, that exception is to be confined to the simple point of the materiality of the facts resting within the knowledge of the witness, and their tendency to prove the point directly in issue.

Where the affidavit shows that only a part of the witnesses have been legally summoned, the plaintiffs may admit the facts to be proved by the witnesses legally summoned, as set forth in the affidavit, and compel the defendant to go to trial.

THE proceedings were had in this cause at the March term, 1836, of the Marion Circuit Court, before the Hon. Jepthah Hardin and a jury. Verdict and judgment were rendered for the defendants in error, for $13,84 and costs of suit.

The following bill of exceptions was taken in the Court below:

" Charles Coker being first duly sworn, deposes and says, that he is agent for the defendant in the above cause, and that the defendant cannot go safely to trial at this term of the Court, for want of the evidence of Thomas Cottingham, Andrew Story, Jeremiah Lewis, and Eli Vickers, witnesses for said defendant. Said witnesses reside in Hamilton county in this State. A subpœna was duly issued and put into the hands of the sheriff of Hamilton county, and is returned by him served on Cottingham, the rest not found. He expects the defendant will prove by said Cottingham, that the note sued on was given by defendant for clocks, and that the clocks were warranted to be good time pieces for two years, and he expects to prove by the other witnesses that said clocks were not good time pieces, and that they did not keep time, and that the warranty wholly failed. He does not know that he can prove the same facts by any other witness or witnesses. Neither of said witnesses are in attendance. This affidavit is not made for delay, but that justice may be done. He believes the defendant cannot go safely to trial without said witnesses, and he expects to be able to procure their attendance by the next term of this Court. All of which is stated to the best of this deponent's knowledge and belief.

CHARLES COKER.

Subscribed and sworn to, this 14th day of March, 1836.

WM. W. PACE, Clerk.

And thereupon the defendant moved the Court for a continuance of this cause until the next term of this Court, and upon argument heard, the Court decided that the affidavit was sufficient as to the causes and facts expected to be proved by the other witnesses, except Thomas Cottingham, but no delinquence is shown as to Cottingham, because his fees were not tendered, and ordered a continuance of the cause unless the plaintiffs *admit* the *fact* stated in the affidavit which the defendant expects to prove by Eli Vickers, Andrew Story, and Jeremiah Lewis, without admitting the facts which he expects to prove by Thomas Cottingham, which the plaintiffs admitted and went to trial, and upon the trial the Court rejected and excluded all the facts in the affidavit and all that part of the affidavit which related to the facts which the defendant stated in his affidavit he expected to prove by said Cottingham, and directed the jury not ·to regard the same in making up their verdict. The note sued on, and the letters of administration were read in evidence, which was all the evidence in the cause with those facts which the Court permitted to go to the jury in the affidavit. To which opinion of the Court in not requiring the plaintiffs to admit said facts, and in excluding said facts from the jury, the defendant excepts, and prays this his bill of exceptions may be signed, sealed and made a part of the record.

JEPTHAH HARDIN."

WALTER B. SCATES, for the plaintiff in error.

H. EDDY, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court:

This was an appeal from a judgment of a justice of the peace, to the Circuit Court of Marion. Two questions are presented for the consideration of this Court.

It is alleged for error, first, that the Circuit Court refused to continue the cause upon the application of Vickers, on an affidavit made by his agent as to the materiality of the facts within the knowledge of the absent witnesses, because he had not used due diligence in obtaining the attendance of a witness, he having omitted to tender the witness, who lived in a foreign county, his fees for attendance; secondly, because the Court compelled the plaintiff in error to go to trial in the Circuit Court, on the plantiffs admitting the facts, expected to be proved by the other witnesses, conformably to the provisions of the practice act in relation to continuances.

On the first point it is clear, that the granting and refusing continuances of causes, is a matter of sound legal discretion, resting entirely within the exercise of that discretion by the Court, under the provisions of the statute; and it is to judge whether or not the party applying for the continuance, has com-

plied with the requisitions of the statute.  So far as an intimation may have been given in the case of Cornelius *v.* Boucher,(1) decided in this Court at its December term, 1820, that an exception might exist to the general rule, that exception is to be confined to the simple point of materiality of the facts resting in the knowledge of the witness, and their tendency to prove the point directly in issue.  Should the Circuit Court decide erroneously in such a case, it would be considered a decision of a legal question, and to which an exception might be taken, and consequently would be a ground of error.  I am not aware of any possible case other than this one, which would not involve the exercise of legal discretion in the Court in determining whether the applicant had complied with the requisitions of the practice act.

On the other ground of admitting a portion of the affidavit as evidence, and excluding that part relating to the facts which the witness might prove, to procure whose attendance, due diligence was decided not to have been exercised, it is not perceived that there was any inaccuracy of decision; as the plaintiffs in the Court below chose to admit all the statements contained in the defendant's deposition, as to the facts expected to be established by the other absent witnesses; and as that part of the statement of facts resting in the knowledge of the absent witnesses, who had not been sufficiently summoned, was not deemed sufficient cause for a continuance, the Court very properly directed the jury to disregard that portion of the defendant's statement, which had not been made evidence in the cause.

Judgment is affirmed with costs.

*Judgment affirmed.*

*Note.*  Where a statute declares that in a certain case a continuance shall be granted, it is error in the Court to refuse it.  Rountree *v.* Stuart, Breese 43.

Since the decision of the above case, the following section has become a law:

Exceptions taken to opinions or decisions of the Circuit Court, overruling motions in arrest of judgment, motions for new trials, and for continuances of causes, shall hereafter be allowed; and the party excepting may assign for error any opinion so excepted to, any usage to the contrary notwithstanding.

Acts of July 1837, 109; Gale's Stat. 540.

(1) Breese 12.