Brown *v.* Munger et al.

## Amos Brown *v.* Gary Munger and Cyrus Farrand.

It is not error for the county court to refuse to grant a continuance of a cause. A motion for a continuance is addressed to the *discretion* of the court.

When one of two defendants, sued jointly in *assumpsit* on note, pleads and proves his discharge in bankruptcy, the court will not direct the plaintiff to become nonsuit as to such defendant, nor order a discontinuance of the suit as to him. It is only, *Per* Hebard, J., when the plaintiff neglects to appear, or neglects to comply with some of the orders of court, that he is ever ordered to become nonsuit.

Evidence of the admissions and declarations of such defendant, made while he was in fact insolvent, but before he obtained his discharge, are admissible, notwithstanding he may be the principal on the note, and the other defendant but a mere surety.

When statements or admissions of a party, or his counsel, are relied upon as evidence, they are to be taken subject to all the restrictions and qualifications that attach to them.

An indorsement of payment upon a note, without proof of payment, is *of itself* no evidence tending to prove that the person, purporting to have been the maker of the note, had recognized its *validity.*

ASSUMPSIT on promissory note; plea, the general issue, and the defendant Munger also pleaded, *puis darrein continuance,* his discharge in bankruptcy. Replication, that no such discharge had been granted, &c. Issue on both pleas was joined to the jury.

On the trial by the jury the plaintiff gave in evidence his note, and rested his case. The defendant Munger gave in evidence his certificate and discharge in bankruptcy, which was admitted without objection, and no other evidence was given by either party under the special plea in bar. The defendants then moved the court ·for a nonsuit, or discontinuance of the action, as to Munger, and, on the part of the defendant Farrand, who had released Munger's interest in the suit, Munger was offered as a witness. But the court declined to direct a nonsuit, or a discontinuance as to Munger, and refused to admit him as a witness. Farrand then moved the court for a continuance as to himself, and this the court refused, and the trial proceeded.

It was claimed on the part of the defence, and testimony was given tending to prove, that the note now in suit was without consideration ;—and the plaintiff, by his counsel, admitted that he had also held another note, of the same date and amount,signed by Munger and one Sharp, and others, and that Munger was principal on both notes,—the other signers being sureties merely,—and that but one of the notes ought to be collected; but he claimed that one was held as security for the other. On the back of the note in suit were two indorsements of payments, purporting to have been made previous to the commencement of the action, but there was no proof that such payments had ever been in fact made, nor did it appear who wrote the indorsements.

The plaintiff offered in evidence the record in the suit on the note signed by Munger, Sharp and others, and also evidence tending to show that Munger took upon himself the defence in that suit, and defended it upon the ground that the note now in suit was taken as a substitute for and in satisfaction of that note ;—to the admis-

sion of all which the defendants objected, but the objection was overruled. The plaintiff also offered to prove the admission of Munger, made while he was insolvent in fact, but before he had obtained his discharge in bankruptcy, that he had received the consideration of but one of the notes, and that one stood as collateral security for the other,—and also as to the grounds upon which he defended the action on the other note. These admissions were objected to, but the testimony was received.

The court charged the jury that, if one of the notes spoken of was executed as collateral security for the other, it was, so far as this action was concerned, immaterial upon which the consideration had been advanced by Brown, and that he had a right to pursue either, or both, until he had obtained one satisfaction ;—and that the indorsement of part payment upon the note in question was to be presumed to have been done by the privity and consent of the parties in interest, and furnished evidence tending to prove that the defendants had recognized the validity of the note now in suit.

The jury were also told that, as the defendants in argument relied upon the statements of the plaintiff's counsel, they should take the whole of it, and effect should be given to it in that way, and not by taking detached parts of it. The jury were also told that, as the note was given for value received, it imported a consideration, and that the burden of proof was on the defendants to show a want of consideration, and that, unless they found that this note was without a consideration, they would return a verdict for the plaintiff for the amount due upon the note.

To which decisions and charge the defendants excepted. Verdict and judgment for the plaintiff.

*C. D. Kasson* for defendants.

1.   The issue of bankruptcy, with the evidence under it, was proper matter for the *court* to decide ; and the cause should have been discontinued as to Munger, agreeably to the bankrupt law.

2.   There being two notes holden by the plaintiff, and evidence having been given tending to show that one of them was invalid, the mere fact that there were indorsements upon the note in suit

furnished no evidence of the correctness of such indorsements. It is like the case of indorsements to avoid the effect of the statute of limitations. *Pfiel* v. *Vanbatenburgh*, 2 Camp. 439. 2 Phil. Ev. 121. Cowen & Hill's notes, Part 1, 154–5. *Whitney* v. *Bigelow*, 4 Pick. 110. *Carter* v. *Gregory*, 8 Pick. 165, 168–9.

3. The admissions of the defendant Munger, who had received his discharge as a *bankrupt*, were inadmissible to charge Farrand, his surety, who was solely in interest. It is the *present interest* which makes such declarations admissible. *Robbins* v. *Willard*, 6 Pick. 464. *Boston Hat Manufactory* v. *Messinger*, 2 Pick. 224, 240.

4. The record given in evidence was between different parties. The ground of defence, which Sharp and others took in that suit, could not conclude *Farrand* in this.

5. The charge as to the effect of the statements made by plaintiff's counsel was calculated to mislead the jury, since they might have inferred that such statements were to be received as evidence coming from *witnesses*. But we claim that they were wholly inadmissible for the plaintiff.

6. The evidence tended to show fraud on the part of the plaintiff, and the jury should have been instructed as to that question, and also as to the effect of there not having been a full consideration paid for the notes, or either of them.

*Smalley & Whittemore* for plaintiff.

1. There was no error in the refusal of the court to order a discontinuance of the suit as to Munger.

2. The evidence of the declarations of Munger, and of the grounds on which he defended the suit on the Sharp note, was properly received. His declarations were proper evidence even to take the case out of the statute of limitations. 2 Saund. R. 64, a. *Whitcomb* v. *Whiting*, Doug. R. 652. *Jackson* v. *Fairbank*, 2 H. Bl. 340. *Johnson* v. *Beardslee*, 15 Johns. R. 3. *Sands* v. *Gelston*, Ib. 511. *Coit* v. *Tracy*, 8 Conn. 268. 2 Stark. Ev. 45. *Hunt* v. *Bridgham et al.*, 2 Pick. 581.

3. We insist that the charge of the court, as to the effect of the indorsements on the note in suit, was correct. 2 Stark. Ev. 311. *Glynn* v. *Bank of England*, 2 Ves. 42. *Bosworth* v.

*Colchitt,* determined in the House of Lords, cited in Phil. Ev. 143. *Searle* v. *Barrington,* Ib. 172, 175. Cowen & Hill's notes, 2 Phil. Ev, 243, note 404.

4. There was no evidence tending to show any payment of the note, or that there was not a *full* consideration therefor, if any. The charge of tho court, therefore, on that point was clearly correct.

The opinion of the court was delivered by

HEBARD, J. The power of the court to order a nonsuit was fully considered in the case of *Smith* v. *Crane,* 12 Vt. 487, and we are well satisfied with the reasoning and the result at which the court arrived in that case. When the plaintiff appears in court, unless he neglect to comply with some order or rule of court, he is entitled to a trial, and to a judgment in the usual way ; and the court will not order him to become *nonsuit* against his will,

A motion for a *continuance* is addressed to the sound discretion of the court, to be granted, or refused, as the particular circumstances of the particular case shall dictate. And the granting, or refusing to grant, the continuance, is not an error which can be corrected by this court.

We are next to see whether the court erred in receiving the admissions of Munger, one of the defendants, he having received his discharge in bankruptcy, although made before he had received his discharge. The admissions of a party are never conclusive against him. When made apparently against his interest, they become testimony for the jury to weigh, and are more or less conclusive, as they are more or less against his interest. Munger was still a party to the record, and his having his discharge in bankruptcy would avail him nothing, unless he pleaded it ; and, being pleaded, the result is to be determined by the jury, for it was subject to be impeached for fraud, or whatever other imperfection it might possess ; so that, at the time of making the admissions, the degree of interest, which the defendant Munger might have felt, is uncertain, and the jury must at last judge of it, and give effect and credit to his admissions accordingly. This certificate is but a defence to the action, and the defendant might have had some other defence, apparently as conclusive as

this; but, in that case, it would hardly be contended that his admissions would not be evidence. He was party to the suit, and his admissions were proper evidence to be received and weighed by the jury with reference to the time, manner, and occasion of making them.

There seems to have been some objection to the record of the other case being used as evidence in this suit,—but I see nothing in relation to those records, in the manner and purpose for which they were introduced, that is objectionable, or to which much importance could be attached. They were introduced in connection with the doings and sayings of Munger, to show upon what ground he defended the other suit, and what he, by such defence, admitted in relation to the present suit. So far as the record was concerned, it seemed to be regarded as explanatory of what he said, it being the subject matter of the conversation in connection with the note in suit.

Thus far the objections are taken to the ruling of the Court in the progress of the trial. There are also two objections to the charge of the court to be considered.

1. The Court told the jury "that, as the defendant in argument relied upon the *statement* of the plaintiff's counsel, they should take the whole of it, and effect should be given to it in that way, and not by taking detached parts of it." By the "statement of plaintiff's counsel" we suppose is meant the admission of the plaintiff in relation to his holding two notes, and the manner and purpose for which they were given, as detailed in another part of the case; for otherwise I do not see what the jury had to do with the *statements* of counsel, unless to regard them as arguments, addressed in that sense to their understandings, and to operate upon their minds, as they should be found to be legitimately drawn from the evidence in the case. But if I am right in supposing that these *statements*, alluded to, are the admissions of the plaintiff through his counsel, then the rule, as laid down by the court, by which the jury were to consider them, commends itself to our approbation.

A party, through his counsel, may admit, upon the trial, any fact which the other party is bound to prove; and when he does so make an admission, and the other party chooses to rely upon it, he

3

must take the admission as it is made, subject to all the *qualifications* and *restrictions* that attach to it. If the defendant, upon trial, state that he has received the plaintiff's money, but has returned it, and the plaintiff choose to rely upon that as an admission, he must take the whole of it,—that which makes against, as well as that which makes for him. But the *statement* of counsel is never to be regarded as evidence of a fact, so as to supersede the necessity of proof, and bind the party, unless, upon the one hand, it was understandingly made for that purpose, and, upon the other side, was so received and relied upon; and then the admission becomes mutual, and, in the sense in which it was made, operates for the benefit of both parties, like any other fact in the case which has been established by evidence.

2. The other point in the charge of the court I regard of more importance, not only as affecting the right of recovery in this case, but as forming and establishing a rule of law and practice for other similar cases. The court charged the jury, "that the indorsement of part payment upon the note in question was to be presumed to have been done by the privity and consent of the parties in interest, and that it furnished evidence *tending to prove* that the defendant had recognized the validity of the note now in suit." If such an indorsement is to be regarded as evidence that the maker of a note has recognized its *validity*, all that the holder of a spurious note need to do, when attempting to enforce its collection, would be to acknowledge payment of part of the note by such indorsement upon the back. But I think that to hold thus would be establishing a very dangerous precedent.

There has been much discussion in relation to the effect of an indorsement upon a note, or bond, when relied upon to rebut the presumption of payment. For this latter purpose, in the case of *Searle* v. *Barrington*, 2 Str. 826, the indorsement upon the bond was holden to have that effect in the Exchequer Chamber, although the Judges were divided in opinion. But the correctness of that decision has been very much doubted in England. And Mr. Starkie, in his treatise upon evidence, regards that decision as anomalous, and opposed to the fundamental rule that a man shall not make evidence for himself. In the case of *Roseboom* v. *Billington*,

17 Johns. 182, it was held that an indorsement on a bond, or note, made without the privity of the debtor, could not be admitted as evidence of payment in favor of the party making such indorsement, unless it were shown that it was made at a time when its operation would be against the interest of the party making it. And it is said in the present case, that the inference to be drawn from the indorsement is in favor of the validity of the note, because it was against the *interest* of the plaintiff thus to acknowledge the payment. But this is a two edged argument, that cuts equally as well one way as the other; for, if we assume the fact that the note was *invalid*, the plaintiff, by thus indorsing, is enabled to make evidence for himself, and thus purge the note of its imperfections. And it would seem to make no difference what the objection to the note might be; by the application of this principle all might be met by proof of an indorsement upon the note.

It is sufficient to say that the indorsement upon this note, *of itself*, without proof of payment, had no tendency to prove that the defendants had recognized the *validity* of the note, and the charge of the court, in this respect, is erroneous.

Judgment of the county court reversed.