# Porter *versus* Lee.

1. The ordering a cause for trial, or its continuance, is a matter within the discretion of the court below, and is not examinable on error.

2. In a suit upon a note, *defendant* offered to prove by the deposition of a witness (who had a supervision of the store and store-accounts of defendant and his partner, but who did not state that he made the entries, or sell or witness the sale of the goods, or the nature of the charges in the books,) the *balance* of a store-account on said books *which were not produced;* and also that *a pass-book* belonging to the plaintiff and containing entries of goods got by plaintiff from the said store, corresponded with the books, and which pass-book the plaintiff's counsel was notified to produce on the trial, but the notice was too late to admit of its production, and the pleas did not give notice to that effect: It was *held*, that the books of defendant, being the proper evidence, should have been produced, and that it was not error to reject the evidence offered.

ERROR to the Common Pleas of *Dauphin county*.

This was an action of *assumpsit*, brought by Washington Lee, against David R. Porter and Samuel Holland, in which the writ was returned served upon David R. Porter, and *nihil* as to Samuel Holland; to which David R. Porter pleaded payment and set-off. The plaintiff claimed upon a promissory note dated 29th February 1848,

[Porter v. Lee.]

drawn by David R. Porter and Samuel Holland, payable to him at three months, for $1218, at the Wyoming Bank. Upon the trial, had on the 30th of January 1851, a verdict and judgment were rendered for the plaintiff for $1393.37. The only question for review by the Supreme Court arose on the rejection of the deposition of William Stewart, and the court's refusal to continue the cause.

The plaintiff gave in evidence the note before described, and rested.

The counsel of defendant then read a notice to plaintiff's counsel to produce on the trial of the cause in court, *the pass-book* of the plaintiff, referred to by William Stewart in his deposition in this case, taken September 5, 1849; and then offered in evidence that part of the deposition of William Stewart, taken September 5, 1849, relating to the account of the plaintiff, which is in the following words, to wit :—After stating upon his examination in chief, that he was a clerk for the defendants, witness says :—In attending to the mines, I also had a supervision over the store and store-accounts. Colonel Lee had a running account in the store from March 1847 until about the time they stopped. He also kept a pass-book, which was kept to correspond with his store-account. *The account against Lee on the store-book, or rather the balance due on his account, amounts to $1869 and some cents, up to 2d October* 1848. The rent of the store-room had been credited to him at the end of each quarter, or when he settled his account in the store. The rent was credited up to the 1st October 1848. I think the rent for the store and two adjoining buildings was $150 per year. I have seen Mr. Lee's pass-book frequently, and know the custom was to make it correspond with the store-account in which the credits of rent are entered. I don't suppose the quarter's rent due October 1, 1848, was entered in his pass-book. I presume all the others were. *And upon cross examination,* he said :—A considerable part of Colonel Lee's account in the store was for goods furnished to men working under the direction of Andrew Lee, at Colonel Lee's mines, at the village of Nanticoke. Colonel Lee's account was settled at certain times by the clerk in the store. I cannot say how often the balance was struck.

Hamilton Alricks, attorney for plaintiff, being affirmed says—I have not the pass-book in my possession. I received a notice on Tuesday morning last, to produce it, (the 28th instant.) I inquired of Mr. Lee, of Wilkesbarre, if he had brought it. He said he had not ; did not know it would be necessary. I have all the papers connected with Lee's case that I know of, but not the pass-book, and do not know of it being in the county.

Washington Lee, Jr., sworn :—Mr. Alricks asked me last Tuesday if I had brought the pass-book. I replied I had not brought it ; did not know it would be important. It is in the possession of my uncle, the plaintiff, in Luzerne county, about one hundred and

[Porter *v.* Lee.]

twenty miles distant.   I am here as his agent, attending to the suit.

The defendant then applied to continue the cause to enable him to get in his set-off, and to supply the defect in the deposition, if it be defective.   This motion is overruled.   The defendant has had the deposition in his possession, or it has been on file since it was taken, and should have known that the evidence was defective, and been prepared with the books referred to.   If there is a just account, it can readily be collected, as the plaintiff is admitted to be perfectly solvent.

· That part of the deposition relating to the amount of the account for goods, being $1869, *is rejected*, as it appears that the witness refers to defendant's books, which should be produced, and at defendant's request exception sealed.     JNO. J. PEARSON. [L. S.]

David R. Porter, sworn to make true answers to the court:—I do not know where the books of Holland & Porter are; I know not where to find them; never had them in my possession, except that they were in the store at Nanticoke.   Lee has possession of the office and store-house where the books were kept as I believe.   I have inquired for and endeavoured to procure them.   Mr. Stewart was agent for Holland and myself.

William Lee, Jr., sworn:—The books of Holland & Porter were in the store-house when I last saw them, in possession of William Stewart; he was clerk of Holland & Porter; this was after the store was sold out, which was in the fall of 1848, in October; that store-room is still unoccupied; I also saw them there as late as April 1849.

It was assigned for error, that the court erred in refusing to continue the cause, and in rejecting the deposition of William Stewart.

*Boas* and *McCormick*, for Porter, plaintiff in error.—The court ought to have allowed the parts of the deposition of William Stewart, which were offered by the defendant, to be read to the jury. The witness had a personal knowledge of the sale of the goods to the plaintiff, and of the amount or balance due to the defendant. Although he speaks of the books of the defendant, it does not appear that he derived his knowledge of the plaintiff's indebtedness from the books, for he says that he had a general supervision of the defendant's business.   No objection was made by the plaintiff at the time of the taking of the deposition to the non-production of the books, and this waiver was further confirmed by the plaintiff's cross-examination in reference to the account contained in the books.   The *pass-book* referred to never was in the defendant's possession, and the failure of the plaintiff to produce it at trial opened the way for the defendant to prove its contents.   There

[Porter v. Lee.]

are many cases where a witness may speak of books or papers without their being produced.

"A witness who has inspected the accounts of the party, though he may not give evidence of their particular contents, may be allowed to speak to the general balance, without producing the accounts:" 1 *Greenleaf on Evidence*, sec. 93. "Where a witness in his deposition refers to a judgment bond having been given and subsequently paid within his own knowledge; and has been cross-examined as to the same matter by the other side, no objection can be taken to the non-production of the bond:" Bank v. Donaldson, 6 *Barr* 179. "In an action on a note for goods sold, the consideration of the note may be proved by a witness without his producing the book of original entries of the sale of the goods:" Fitler v. Beckley, 2 *W. & Ser.* 458; 9 *Watts* 441.

The defendant asked a juror to be withdrawn and to have the case continued; and if the plaintiff regarded the production of the pass-book as material for him, he should have assented to the offer to continue. His insisting on proceeding in the trial put him in the position of every party who has a paper in his possession, and, after notice, refuses to produce it. He thus put it in the power of the other party to prove its contents.

*Hamilton Alricks*, for defendant.—The store-books not produced were in the control of defendant. There was no evidence that they were books of original entry, or that articles charged there were the subject of a book-charge. The book itself, supported by the evidence of Stewart only, who did not prove that he made the entries or sell or witness the sale of the goods, would not have been admissible. The evidence was objected to when the deposition was taken.

As to the assignment as to the continuance of the cause, it is not the subject of review.

The opinion of the court was delivered June 30, by

COULTER, J.—The ordering on the trial, and the refusal to continue the cause, was a matter within the discretion of the court below, and is not examinable for error here. But for aught that appears, the court exercised its discretion on that subject with due regard to the rights of all parties, and not with a particular regard to the convenience and laches of one of them.

The pass-book, as it is called, which Colonel Lee kept and sent to the store of Porter & Holland, and in which was entered every thing got from the store by his hands or by his order, was, as his nephew, who attended at the trial, deposed, at his uncle's residence in Luzerne county. The notice to produce it was given two days before the trial, to Mr. Alricks, his attorney, in Harrisburg. No facility of travel nor mode of communication could have brought it

[Porter *v.* Lee.]

in that time.   The plaintiff came to try on the plea of payment;
he could have had no notice or legal warning that it was necessary
for him to carry this book to the trial.   But, as alleged, it was a
mere transcript, or equivalent in its entries to the partnership
books of Porter & Holland.   Why then did they not bring on
their own books; they were the proper evidence of the account,
or the alleged balance was admissible under the pleadings.
The part of the deposition therefore of William Stewart, which re-
lates to the contents of the pass-book, and its alleged equivalent,
the store-books of Porter & Holland, was properly rejected.   He
says that "in superintending the mines, he also had a supervision
over the store and store-accounts.   Colonel Lee had a running
account in the store.   He kept a pass-book, which was kept to
correspond with his store-account.   The balance due on his account
amounts to $1869 and some cents, up to October 1848."   He does
not say who made the entries, what the nature of the charges was
nor that he knew the handwriting, or made the entries himself.

It is true that Mr. Greenleaf in sec. 93, vol. 1, of his *Evidence*,
says "that a witness who has inspected the accounts of the party,
though he may not be permitted to give evidence of their particu-
lar contents, may be allowed to speak of the general balance with-
out producing the accounts."   But he must be understood to mean
when that general balance is incidentally involved in the investi-
gation, and not to extend or embrace cases where that general
balance is spoken of or testified to as a distinct charge against the
opposite party, and the ground of claim and recovery.   Because it
is clear that a witness may not speak of particular facts appear-
ing on the books or deducible from the entries without producing
the books.   For where the writing or entries were not made by the
witness himself, his testimony, so far as founded on it, is no more
than hearsay.   And why should a witness be allowed to give evidence
of his inference rather from what a third person has written, than
from what a third person has said.   These entries in the pass-book
and store-book may, besides, have covered things or money which
are not the subject of evidence by book-entry, and such evidence,
if admitted, would destroy and overturn all the safeguards which
the law has thrown around this kind of testimony.

                                             Judgment affirmed.