Lovell *v.* Kelley.

PRISCILLA T. LOVELL, *Adm'x, in error, versus* JOHN KELLEY.

Judgment will not be reversed on error in a suit against an inhabitant of this State, in which the service was made by leaving a summons at his last and usual place of abode, because at the time of service he was absent from the State and had no actual notice of the suit.

Where it is suggested that a defendant is absent and has no actual notice of the suit, it is in the discretion of the Court to enter up judgment on default, or to continue the action for judgment. The exercise of this discretion cannot be revised on a writ of error.

If there is a regular judgment and award of execution in an action, it is no ground to reverse the judgment on a writ of error that an execution afterwards irregularly issued.

Papers in a case acted upon as evidence are no part of the record.

*Error* does not lie to correct a mistake in the computation of interest, or in computing the amount for which judgment is rendered. The proper remedy is by *review.*

ON EXCEPTIONS to the ruling of DAVIS, J.

WRIT OF ERROR to reverse a judgment against Josiah Lovell, the plaintiff's intestate, at the January term of the Supreme Court for Cumberland county, in the year 1857. The assignment of errors was as follows:—

1. That the defendant, in said case, was an inhabitant of the State, at the time of the service of the writ; but was absent therefrom, at that time, and did not return, until after the sitting and adjournment of said Court without day, and had no notice of the suit.

2. That judgment was rendered on default, without a continuance,. defendant out, as provided in chapter 115, of the Revised Statutes, 1841.

3. That no sufficient bond was filed, before suing out the execution, in said suit, in twice the amount of damages and costs, for the security of the defendant in said case, according to the provision of,the statute, in such case made and provided.   c. 115,.§ 5, 1841.

4. That plaintiff has taken judgment, without deducting or crediting freight, amounting to twenty-four dollars and twenty-seven cents, which would have left a balance due the plaintiff of only eight dollars and eleven cents, instead of thirty-two dollars and eighty-eight cents.

5. That plaintiff has charged interest on $32,88, for five years and eight months, when, from his own showing, his writ and account being dated December 25, 1856, and judgment recovered by default, giving only twenty-six days for interest, instead of five years and eight months, which would give only five cents interest, instead of $11,17.   And the plaintiff, according to his own showing, in his writ and declaration and account annexed, should have taken judgment for only $8,15, and $2,53, costs, instead of $44,34, debt or damage, and costs taxed at $7,21.

6. That the said record and proceedings and the giving of judgment aforesaid, are, in sundry other respects, bad, defective and erroneous.

The defendant in error, by proper pleadings, " denied that a writ of error was the proper remedy of the plaintiff in error, and that any error, in fact or law, existed in the record, or the process in giving the original judgment.

The presiding Judge ruled that no errors existed, and denied the writ; thereupon, the plaintiff in error excepted.

*J. Morgan,* for plaintiff in error.

*Fessenden & Butler,* for defendant in error.

Lovell *v.* Kelley.

The opinion of the Court was drawn up by

APPLETON, J.—It seems that Josiah Lovell, the defendant in the judgment sought to be reversed by his administratrix, was an inhabitant of this State, and that the writ in the original action was served by leaving a summons at his last and usual place of abode. This is one of the modes of service prescribed by statute. There is, therefore, no error on the face of the proceedings.

It is insisted the judgment should be reversed, because, at the time of the service of the writ on him, the plaintiff's intestate was absent from the State, had no actual notice of the pendency of the suit, and did not return till after judgment. But, in such case, ample remedy is afforded by review, for which provision is made by R. S., 1841, c. 115, §§ 7 and 8. *Holmes* v. *Fox,* 19 Maine, 107.

When a suggestion is made of the absence of a defendant, it is a matter of discretion to enter up judgment on default, or to continue the action from term to term, not exceeding twice, unless for special cause. R. S., 1841, c. 115, § 3. The exercise of this discretion is not a matter of error.

In the original action there was a regular judgment and award of execution. If, in such case, an execution afterwards irregularly issue, it is not a good cause for a writ of error to reverse the judgment. In *Johnson* v. *Harvey,* 4 Mass., 483, the plaintiff sued out his execution without giving the bond prescribed by statute, when the defendant is without the State, but the Court refused to reverse the judgment for that cause.

Papers presented to a common law Court, and acted upon as matter of evidence, are no part of the record. *Kirby* v. *Wood,* 16 Maine, 81. A judgment will not be reversed for errors in the computation of interest. Mistakes in the amount occurring in the rendition of judgment, are to be corrected by review. *Starbird* v. *Eaton,* 42 Maine, 569.

*Judgment affirmed with costs for defendant in error.*

TENNEY, C. J., RICE, GOODENOW, DAVIS and KENT, JJ., concurred.