## BOHRER v. OTTERBACK.

EQUITY PRACTICE; COUNSEL FEES; COSTS; APPEALABLE ORDERS.

1. It is a fundamental rule of equity procedure that where the material allegations of a petition are all denied by the answer, and a hearing is sought by the petitioner upon the petition and answer, the petition will be dismissed.

2. A court of equity will not allow counsel fees out of a trust fund unless the solicitor or his clients have contributed to its due and proper administration for a common benefit, in which event counsel fees will be regarded as part of the costs of administration.

3. An appeal does not lie from an order of a trial court in an equity cause, refusing to refer a petition of the solicitor for some of the parties, to the auditor of the court, to fix counsel fees. A reference to the auditor is not a matter of right but is within the discretion of the court; and counsel fees, when allowed, are part of the costs, and costs, in themselves, are not a subject of appeal by those to whom they are refused, although they can be noticed incidentally when the correctness of the principal decree is before the court.

No. 155. Submitted December 7, 1893.—Decided December 21, 1893.

HEARING on an appeal by the petitioner from an order of the Supreme Court of the District of Columbia, holding a term for Orphans' Court business, refusing to refer to the auditor a petition for allowance of counsel fees, filed by the solicitor for certain parties in a cause pending in that court. *Appeal dismissed.*

THE FACTS are sufficiently stated in the opinion.

The appellant, *Mr. W. Willoughby,* appeared in person.

*Mr. J. J. Darlington* for the appellees.

Mr. Justice MORRIS delivered the opinion of the court:

This is an appeal by Westel Willoughby, Esq., counsel for some of the parties in the cause, from an order of the Supreme Court of the District of Columbia in special term, refusing to refer to the auditor of that court a petition filed by him in which he sought such reference for the purpose of

determining what counsel fees, if any, it would be proper to allow him in the cause.

From the meagre record upon which we are asked to render a decision, it is difficult, if not impossible, to ascertain the facts in the case upon which the petition is assumed to be based. In order to ascertain those facts an investigation of the proceedings in all the various suits referred to in the petition would be necessary; and such investigation we should not be called upon to make from the original papers. In the view, however, which we take of this case such an investigation would probably be unnecessary in any event.

The petitioner sets forth in his petition certain grounds upon which he claims to be entitled to some allowance of counsel fees out of a fund under the control of the court, although apparently neither created nor preserved for a common benefit by the efforts of the petitioner or of the clients whom he represents. The respondents answered the petition, and denied all the material allegations. The petitioner, without proof of further action of any kind, set the petition and answer for hearing, and upon the hearing, the court refused to make the reference to the auditor, which was the sole prayer of the petition, and denied the petition itself. From its order in that regard the petitioner took this appeal to the General Term; and that appeal has by the law been transferred to this court. The principal suit is not before us for review; the only matter brought up is the question involved in this petition.

If we were to review the decision of the court below upon the merits of this petition, it is not apparent how we could come to a conclusion different from that to which that court came. When the material allegations of a petition are all denied in the answer to it, and a hearing is sought by the petitioner upon the petition and answer, it must be a very unusual case where the court will do otherwise than dismiss the petition. A dismissal is what is required by the fundamental rules of equity procedure. Moreover, the case itself, made by the petitioner, without reference to the answer, does

not seem to be of the class of cases in which a court of equity will allow counsel fees out of the fund. The fund in this case was not such a trust fund as that the action of the petitioner or his clients contributed to its due and proper administration for a common benefit, so as to justify counsel fees to be regarded as part of the costs of administration. *Hobbs* v. *McLean*, 117 U. S., 567 ; *Trustees* v. *Greenough*, 105 U. S., 527.

But it seems to us that we have no jurisdiction at all to review the order of the court below in this case. A reference to the auditor of the court is not a matter of right. Such reference is usual when the court desires to be aided in the statement of accounts, or other similar matters; but it is no denial of right to refuse such reference, when the court may determine the matter for itself. And all that the petitioner asked in this instance was a reference to the auditor.

But we may go further. Counsel fees, when allowed, are part of the costs; and costs in themselves are not a subject of appeal by those to whom they are refused, although they can be noticed incidentally when the correctness of the principal decree is before the court. When an appeal is allowed, it is by those interested in the fund from an order of allowance out of the fund, not by a petitioner from the refusal of an allowance. In the one case the question involves the merits of the proceeding; in the other it does not. *Canter* v. *American Insurance Co.*, 3 Pet., 307 ; *Wright* v. *Hollingsworth*, 1 Pet., 165 ; *United States* v. *Malek Adhel*, 2 Howard, 210 ; *Trustees* v. *Greenough*, 105 U. S., 527.

We are satisfied that no appeal lies in this case on the part of the petitioner; and *the appeal, therefore, must be dismissed, with costs.*