### STATE *vs.* JOHN D. HAWKINS.

*Criminal Law—Embezzlement—Continuance—Absence of Material Witness—Affidavit; What it Must Disclose—Testimony—Practice.*

An affidavit filed in a criminal case at the first term alleging the absence from the State of a material witness, upon which is based an application for a continuance of the case until the next term, must disclose the nature of the evidence which such witness is expected to give, so that the Court may be able to judge whether the facts are sufficient or not. But it is not necessary to go into details; it is only necessary to state the substance of what is proposed to be proved.

*(April 24, 1900.)*

Lore, C. J., and Spruance and Grubb, J. J., sitting.

*Peter L. Cooper, Jr.*, Deputy Attorney-General, for the State.

*Henry Ridgely, Jr.*, for the defendant.

Court of General Sessions, Kent County, April Term, 1900.

The defendant was indicted at this term for embezzlement.

*Mr. Ridgely*, on behalf of defendant, upon an affidavit in the usual form made by the defendant, alleging the absence from the State of a material witness, moved for a continuance to the next term of Court.

The Deputy Attorney-General objected to the continuance upon the affidavit filed, contending that the said affidavit should set forth the facts proposed to be proved by the absent witness, so that the Court could ascertain whether it was such as would warrant a continuance of the case.

*Wharton Crim. Pl. and Pr., Secs. 591—593; 4 Ency. Pl. and Pr. (note), 884.*

*Mr. Ridgely* contended that the practice had been that an affidavit in the usual form alleging the absence from the State of a material witness at the first term was sufficient upon which to grant a continuance, and that an affidavit disclosing the nature of the testimony could only be called for at the second term.

Lore, C. J.:—We have considered this matter. An affidavit has been filed alleging the absence from the State of a material witness, upon which is based an application for a continuance of this case until the next term. This question now being distinctly raised and considered, we think that the nature of the evidence ought to be disclosed in the affidavit, upon which the application is made for a continuance, so that the Court may be able to judge

whether the facts are sufficient or not. You are to disclose in your affidavit what you propose to prove by the absent witness. You need not go into details; it is only necessary to state the substance of what you propose to prove, so that it may appear to the Court whether it is material or not.

An affidavit was thereupon filed in which the defendant deposed as follows:

"That he has a material witness who resides and now is outside the State of Delaware: that the name of said witness is William W. Power, and that said witness resides in the City of Philadelphia and State of Pennsylvania; that this deponent is unable to secure the attendance of said witness at this term of Court, but that he believes he will be able to secure his attendance at the next term; that the nature of the testimony of said witness is to prove documents and writings showing that the money alleged to have been embezzled by this deponent was not so embezzled, but that all of said money was expended by this deponent in pursuance of the instructions and directions of Charles C. Babbitt, the person whose money this deponent is alleged to have embezzled; and that this deponent believes he could not safely and properly go to a trial without said witness."

Continuance allowed.