## STATE vs. WARNER I. HENRY and JOSEPH HENRY.

1. CRIMINAL LAW—CONTINUANCE—AFFIDAVITS—SUFFICIENCY.

In a prosecution for larceny, an affidavit for continuance on ground of absence of witnesses *held* insufficient to show that defendant had exercised due diligence in procuring such witnesses.

2. CRIMINAL LAW—CONTINUANCE—ABSENCE OF CHARACTER WITNESS.

The absence of a character witness is not a sufficient reason for granting the continuance of a criminal case, particularly where the Attorney General is willing to admit that the witness would testify to accused's good reputation.

3. CRIMINAL LAW—APPEAL—REVIEW—DISCRETION—CONTINUANCE.

The decision of a trial court refusing to grant defendants' motion for a continuance until the next term because of the absence of witnesses was an interlocutory decision upon a discretionary matter, not reviewable at common law, and, if reviewable under modified procedure, would not warrant reversal except in clear case of abuse of discretion.

4. CRIMINAL LAW—CONTINUANCE—ABSENCE OF WITNESSES—DENIAL OF CONTINUANCE—ABUSE OF DISCRETION.

The denial of a continuance in a larceny prosecution sought on the ground of witnesses' absence from the state *held* not an abuse of the trial court's discretion.

(*May* 31, 1918.)

Rice, J., sitting.

*David J. Reinhardt*, Attorney-General, for the State.

*Levin Irving Handy* and *Philip L. Garrett* for defendants.

Court of General Sessions, New Castle County, May Term, 1918.

Indictment, No. 3, May Term, 1918.

Warner I. Henry and Joseph Henry were indicted for larceny, and were brought to trial before a jury. During the trial, a nolle prosequi was entered as to Joseph Henry, and a verdict of guilty was returned against Warner I. Henry. Whereupon there was a motion for new trial and in arrest of judgment on the ground of the refusal of the court to continue the case on application of defendants, supported by affidavits. Motion refused. Warner I. Henry brings error. Affirmed.

On May eighth the defendants filed an affidavit setting forth the absence from the state of material witnesses, and moved for a continuance until the September term of this court. The Attorney General objected to the sufficiency of the affidavit filed, and resisted the motion for a continuance. The affidavit was by the court held insufficient, the motion for continuance refused and the case set for trial on the tenth of May. On the day fixed for trial the defendants appeared in court and their counsel announced the attendance of two of the three witnesses mentioned in the first affidavit. The defendants filed another affidavit setting forth the absence of two character witnesses neither of whom had been mentioned in the first affidavit and renewed the motion for a continuance. The Attorney General stated that he was willing to admit the absent witnesses if present would testify to the facts set forth in the affidavit. The continuance was refused and the trial proceeded. During the trial the Attorney General entered a nolle prosequi as to Joseph Henry. The jury returned a verdict of guilty as to Warner I. Henry. Counsel for the defendant made a motion for a new trial and in arrest of judgment, and filed the following reasons why a new trial should be granted:

"That the court erred in refusing the continuance of the trial of the said case on the motion and affidavit of the defendant on account of the

absence of the material witness, Pauline Guy, thereby forcing the defendant to trial without the benefit of the attendance and testimony of said Pauline Guy.

"That the court erred in refusing to continue the trial of the said case on the motion and affidavit of the defendant because of the absence of the material witness, Charles Bond, thereby forcing the defendant to trial without the benefit and testimony of the said Charles Bond."

The affidavit filed on May eighth by the defendants, upon which the first motion for continuance was based, in substance sets forth:

"That they are the defendants in the above stated case; that they need for their defense the presence and attendance of the following witnesses at the trial of their case, to wit: Frank Guy, Pauline Guy and Bessie Kelley; that they cannot safely go to trial without them; that they expect to prove by each of said witnesses that Warern I. Henry bought the chickens alleged in the indictment to be stolen from a man who brought the chickens to his house for sale; that said witnesses are without the state of Delaware, to wit, Frank Guy and Pauline Guy in New Jersey and Bessie Kelley in Pennsylvania, where they respectively reside; that the deponents cannot produce said witnesses at the present term of court but that they verily believe they can produce said witnesses at the next term of this honorable court."

The Attorney General on behalf of the state resisted the motion for a continuance and objected to the sufficiency of the affidavit for the reasons it did not appear from the affidavit that the defendant used due diligence and made reasonable effort to secure the presence of the absent witnesses, and the failure of the defendant to set forth the residence of the absent witnesses if known, and if unknown that the fact should be stated.

Counsel for the defendant contended that the affidavit filed followed in detail similar affidavits held sufficient by the court.

RICE, J., after stating the facts as above, delivered the opinion of the Court of General Sessions on May thirty-first, 1918:

[1] A continuance of a case is a matter within the discretion of the court. The purpose of requiring an affidavit to accompany the motion for a continuance is to acquaint the court with the facts upon which the motion is based, so that the discretion reposed in the court may be by it reasonably exercised. When the accused in a criminal case requests a continuance, and there is objection made, the court will not grant it unless it is satisfied from the affidavit that there is an absent witness; that the facts to which he is expected to testify, as stated, show his testimony to be material and revelant; and that there is a reasonable cer-

tainty of securing the presence of the witness at the next term, also facts must be set forth with sufficient particularity to show the court that due diligence has been exercised and a reasonable effort made to secure the attendance of the witness at the term, at which the application is made.

The residence of an absent witness without the state, if known to the affiant, to show whether the absent witness lived near by, or a great distance, may be a fact helpful to the court in passing upon the question of due diligence and reasonable effort to secure the attendance of the witness. And the fact that the residence of the witness is unknown may be considered by the court in considering whether or not there is a reasonable certainty of securing the presence of the witness at the next term. The court is of the opinion that the affidavit of May eighth is not sufficient in that it fails to convince the court that due diligence had been exercised, and reasonable effort made to secure the attendance of the absent witnesses at the present term.

[2] The affidavit of May tenth, filed by Warner I. Henry, one of the defendants, states:

"That Charles Bond and Charles Young are material witnesses to the defense; that he cannot safely go to trial without their atttendance, that he expects to prove by each of them that deponent's reputation in the community in which he lives for honesty and fair dealing is good; that they reside in Delaware City, Delaware; that he has issued a subpœna for their attendance, which subpœna is returned 'non est' that Charles Bond is ill and confined to a hospital in Philadelphia, Pennsylvania, and has been there for one week, and that deponent cannot produce them at this term of court, but believes he can produce them at the next term."

The Attorney General stated he was willing to admit that the absent witnesses if present at the trial would testify "that the reputation of Warner I. Henry for honesty and fair dealing is good."

The absence of a character witness, is not sufficient reason for granting a continuance of a case, and most certainly the court would not grant a continuance by reason of the absence of a character witness, when the Attorney General is willing to admit that the witness, if present, would testify to the good reputation of the accused.

The court is of the opinion that it was not in error in refusing the two motions for a continuance.

Statement.

The motion for a new trial is refused.

Sentence was imposed upon the convict.

Whereupon a bill of exceptions setting forth the facts stated below was signed, and a writ of error taken to the June term, 1918.

Argued at the adjourned October term, 1918, before CURTIS, Ch., PENNEWILL, C. J., and BOYCE, J.

The plaintiff in error was indicted on May sixth, 1918, for larceny of chickens, and on May eighth moved for a continuance to the next term of court, and filed in support thereof an affidavit of the prisoner made May sixth, that he could not safely go to trial without the attendance of three named witnesses, residents of New Jersey and Pennsylvania, by each of whom he expected to prove that he bought the chickens from a man who brought them to his house for sale; that he could not procure the attendance of the witnesses at the then current term of court, but believed he could do so at the next term of court. This motion was denied, and the trial fixed for May tenth, and an exception was noted to the refusal of the continuance to the next term.

On May tenth two of the three witnesses were present in court, but not the third. Another motion was then made for a continuance until the next term, and an ffidavit made May tenth was filed to the effect that he needed the attendance of two other witnesses to testify to the character of the prisoner. Thereupon the Attorney General admitted that the character of the prisoner for honesty and fair dealing was good, and the court refused to grant a further continuance. An exception was taken to the refusal. At the trial held on May tenth the defendant was convicted and subsequently he was sentenced.

Mr. Handy contended that the court below erred in refusing the two applications for a continuance of the case on the ground of the absence of Pauline Guy, in view of what he expected to prove by her as shown by the affidavit. *State v. Honey,* 2 *Boyce* 452, 80 *Atl.* 38; *State v. Hawkins,* 2 *Pennewill* 475, 47 *Atl.* 618; *Whart. Crim. Pl. & Pr.* §§ 591–593; 4 *Ency. Pl. & Pr.* (N) 884; *State v. Gordy,* 5 *Pennewill* 323, 60 *Atl.* 977; *State v. McConnell,* 4 *Pennewill* 521, 57 *Atl.* 367.

The matter of the continuance of a case is one for the sound judicial discretion of the trial court—a discretion which may not be exercised arbitrarily or unjustly    *Newman v. State*, 22 *Neb.* 355, 35 *N. W.* 194; *Harrington v. State*, 31 *Tex. Cr. R.* 577, 21 *S. W.* 356; *People v. Dodge*, 28 *Cal.* 445.

The rule that a continuance will not be granted for the purpose of procuring cumulative evidence does not apply to the procurement of evidence corroborative of the defendant's testimony, as such evidence is clearly material and its absence is likely to work an injury to his rights. *Burnly v. State* (*Tex. App.*) 14 *S. W.* 1008; *Ransbottom v. State*, 144 *Ind.* 250, 43 *N. E.* 218; *Holt v. Commonwealth* (*Ky.*) 13 *S. W.* 71; *Maines v. State*, 26 *Tex. App.* 14, 9 *S. W.* 51.

It has been held that, inasmuch as the defendant is entitled to any number of witnesses within reason, a refusal to grant a continuance because of an absent witness merely on the ground that there were other witnesses to the same point is error, where it appears that the testimony of the absent witness is material and important. *Carter v. State*, 37 *Tex. Cr. R.* 403, 35 *S. W.* 378; *Clark v. State* (*Tex. Cr. App.*) 33 *S. W.* 224.

The question is not merely whether or not the court will be able to coerce or enforce the attendance of the absent witness, if there is reasonable ground of believing that such witness will be obtained by a continuance if the same should be granted, although the witness be without the state. *Hunt v. Commonwealth* (*Ky.*) 24 *S. W.* 623.

The affidavit in the case at bar sets out that the defendant needed for his defense the presence and attendance of Pauline Guy. That he could not safely go to trial without her. That he expected to prove by her a fact which would prove his innocence, namely, that he actually bought the chickens which were alleged to be stolen by him. That Pauline Guy was without the state of Delaware, namely, that she was in New Jersey, where she resided. That the defendant could not produce said witness at the present term of court but that he verily believed he could produce said witness at the next term of court. The only objection which the state urged to the sufficiency of said affidavit

in the court below was that it did not state the address of Pauline
Guy in New Jersey with sufficient accuracy.

The Attorney General replied that the affidavit alleges the
absence of three material witnesses all of whom would testify to
exactly the same state of facts. It fails to set out their residences
except that one resides in the state of Pennyslvania and the
other two in the state of New Jersey. It fails to show any efforts
made by the defendant below to obtain their attendance, or why
their attendance could not be procured at this term, and it also
fails to show any reason which defendant might have for his
belief that the attendance of these witnesses could be procured
at the next term of court.

There are no sufficient allegations of fact in the affidavit from
which the court can judge whether due diligence had been used
by the defendant and whether there was any real prospect of
obtaining the attendance of the witnesses at the next term of court.

" * * * There shall be no exception to the allowance of
a challenge, nor to any direction respecting the manner of con-
ducting the trial."

The denial of a motion for the continuance of a case is but
a "direction respecting the manner of conducting the trial."

In *Ownbey v. Morgan et al., ante,* 105 *Atl.* 838, decided in
the Supreme Court (1917), the court said:

"Aside from the reported cases in this state, the general principle is
that interlocutory decisions of matters discretionary with the court are not
reviewable. A granting or dcnying of a continuance is a typical example
of the exercise of discretion."

See, also, *Valley Paper Co. v. Smalley,* 2 *Marv.* 295, 43 *Atl.*
176; *Ridings v. McMenamin,* 1 *Pennewill* 15, 39 *Atl.* 463; Montello
*v. Pullman Co.,* 4 *Pennewill* 90, 54 *Atl.* 687; *May v. Curry,* 4 *Har.*
265; *Whitaker v. Parker,* 2 *Har.* 413.

The defendant below was held to bail upon this charge on
the second day of April, 1918. He had a month within which to
prepare his defense. On the eighth day of May he filed his
motion for continuance, stating in his affidavit that he had three
material witnesses whom he could not produce at the May term
of court. Two days later, to wit, on the tenth day of May, he

produced in court two of the same three witnesses that he had solemnly sworn he could not produce at that term of court and in the course of the discussion which took place before the court on May tenth, it was brought out that the absent witness, Pauline Guy, resided at Carney's Point, New Jersey, less than three miles from the place of trial.

The specific residence of nonresident absent witnesses must be stated in an affidavit filed in support of a motion for a continuance, and if the residence is unknown to the defendant, that fact should be stated in the affidavit. *Whart. Crim. Pro.* (10*th Ed.*) 1985.

CURTIS, Ch. (after stating the facts) delivered the opinion of the Court: [3, 4] This court is called on for the first time to review the decision of a trial court refusing to grant a motion on behalf of the defendant in an indictment made before the trial began for a continuance of the case until the then next term of court. That decision was clearly an interlocutory one, upon a matter admittedly discretionary with the trial court. At common law it was not reviewable. This was the view expressed by this court obiter by way of illustration in *Ownbey v. Morgan, ante,* 105 *Atl.* 838, where in considering the statutory provisions respecting bills of exceptions, this was said:

"Aside from the reported cases in this state, the general principle is that interlocutory decisions of matters discretionary with the court are not reviewable. A granting or denying of a continuance is a typical example of the exercise of discretion."

There is ample authority to sustain this statement of the common-law rule. *Hill v. Gayle,* 1 *Ala.* 275; *Walker v. State,* 91 *Ala.* 76, 9 *South.* 87; *State v. Wyse,* 33 *S. C.* 582, 12 *S. E.* 556; *State v. Pankey,* 104 *N. C.* 840, 10 *S. E.* 315; *People v. Diaz,* 6 *Cal.* 248; *White v. Town, of Portland,* 63 *Conn.* 18, 26 *Atl.* 342; *Vickers v. Hill,* 2 *Ill.* (1 *Scam.*) 307; *Baxter v. People,* 8 *Ill.* (3 *Gilman*) 368; *Hoyt v. People,* 140 *Ill.* 588, 30 *N. E.* 315, 16 *L. R. A.* 239; *Caldwell v. Cole,* 13 *Me.* 120; *Campbell v. Thompson,* 16 *Me.* 117; *Lovell v. Kelley,* 48 *Me.* 263; *Universal Life, etc., Co. v. Bachus,* 51 *Md.* 28; *Reed v. Paul,* 131 *Mass.* 129; *McCourry v. Suydam,* 10 *N. J. Law,* 245, quoting *Wright v. Hollingsworth,* 1 *Pet.* 168, 7

*L. Ed.* 96; *Smith v. Alker*, 102 *N. Y.* 87, 5 *N. E.* 791; *Porter v. Lee*, 16 *Pa.* 412; *Hall. v. Vanderpool*, 156 *Pa.* 152, 26 *Atl.* 1069; *Hickok v. Ridley*, 15 *Vt.* 42; *Brown v. Munger*, 16 *Vt.* 12; *Gear v. Shaw*, 1 *Pin.* (*Wis.*) 608; 6 *Ruling Case Law, p.* 556.

In *Barrow v. Hill*, 13 *How.* 54, 14 *L. Ed.* 48 (1851), Chief Justice Taney said:

"It has been repeatedly decided in this court that a motion for the continuance of the cause addressed itself to the sound judicial discretion of the court, and its decision for or against the motion cannot be assigned as error in this court. The rule is so familiar in practice that it is unnecessary to refer to cases to prove it."

In some of the later cases it was held that such decisions are not reviewable unless it clearly appears that there has been an abuse of the discretion. *Isaacs v. United States*, 159 *U. S.* 487, 16 *Sup. Ct.* 51, 40 *L. Ed.* 229 (1895).

Therefore, even if this court has jurisdiction to review the decisions of the trial court complained of, and the statute respecting bills of exceptions be applicable thereto, still this court will not even under the modified rule above mentioned do more than determine from the record whether there has been a clear abuse by the trial court of its discretionary power to deny motions for continuances of the trials of causes.

After a careful consideration of the record in this cause it is clear that there has been no abuse by the trial court of its discretion in refusing to grant either of the motions made by the plaintiff in error for continuances.

There being no error in the record, the judgment of the court below will be affirmed.