STATE vs. WALTER HONEY.

CRIMINAL LAW—CONTINUANCE—AFFIDAVIT—ABSENCE OF WITNESS.

An affidavit for a continuance, alleging that deponent is unable to secure the attendance of B., a nonresident witness, at that term of the court, but believes he will be able to secure the witness at the next term, and that the nature of the testimony of such witness is that deponent did not commit the act charged, and that witness was in deponent's company at the time the act was alleged to have been committed, is not objectionable for failure to clearly state what facts the absent witness will testify to, or because the allegation as to the time when the alleged act was committed is insufficient.

(*February* 21, 1911.)

PENNEWILL, C. J., and BOYCE and CONRAD, J. J., sitting.

*W. Watson Harrington*, Deputy Attorney General, for the state.

*Richard R. Kenney* and *Henry Ridgely* for the defendant.

Court of General Sessions, Kent County, February Term, 1911.

INDICTMENT FOR ASSAULT WITH INTENT TO COMMIT RAPE (No. 8, February Term, 1911). Application by defendant for continuance on affidavits alleging the absence of a material non-resident witness. The state objecting to the sufficiency of the affidavit, it was held sufficient.

(For trial of same case see *ante* 324.)

Counsel for defendant moved for a continuance of the above stated case until the April Term, 1911, basing said motion upon an affidavit of the defendant, in due form, alleging "that he has a material witness who is now living in Chester, Pa., that the name of said witness is William Butler; that this deponent is unable to secure the attendance of said witness at this term of court but that he believes he will be able to secure his attendance at the next term; that the nature of the testimony of said witness is that this deponent did not commit the act with which he is charged, the said witness being in company with this deponent at the time when said act is alleged to have been committed; and that this deponent believes he cannot safely and properly go to trial without said witness."

The state objected to the sufficiency of the affidavit, because it did not clearly state what facts the said absent witness would testify to; and particularly that the averment as to the time when the alleged offense was committed was insufficient.

The court held that the affidavit was sufficient, and the case was continued.