## STATE vs. SAMUEL PLOFF.

CRIMINAL LAW—AFFIDAVITS FOR CONTINUANCE FOR ABSENT WITNESSES HELD INSUFFICIENT.

In prosecution for subornation of perjury, affidavit for continuance because of absent witnesses, alleging that each would testify that defendant did not on said day, or any other date, solicit or suborn one E. to swear falsely, as alleged in the indictment, was insufficient in not alleging that the witnesses were present at the time charged.

(*November* 16, 1921)

PENNEWILL, C. J., RICE and HARRINGTON, J. J., sitting.
*Clarence A. Southerland*, Deputy Atty-Gen., for the State.
*David J. Reinhardt* for defendant.

Court of General Sessions, New Castle County, November, Term, 1921.

INDICTMENT FOR SUBORNATION OF PERJURY(No. 18, November Term, 1921).

Application by defendant for continuance on affidavit alleging the absence of two material non-resident witnesses. The state objected to the sufficiency of the affidavit. Affidavit held insufficient.

The affidavit in question alleged absence from the city of two material non-resident witnesses, naming them; it also set forth that each of said witnesses would testify:

"That he, the said Samuel Ploff, did not on the twentieth day of October, A. D. 1921, or on any other date solicit or suborn one James Ewing to swear falsely as alleged in the indictment filed in this cause."

The state objected to the sufficiency of the affidavit on the ground that the affidavit failed to allege that the absent witnesses were present at the time the alleged offense was committed and cited *State v. Honey*, 2 *Boyce*, 452, 80 *Atl.* 38.

Counsel for the defendant contended that the affidavit was sufficient and cited *State v. Hawkins*, 2 *Pennewill*, 474, 47 *Atl.* 618, and *State v. McConnell*, 4 *Pennewill*, 521, 57 *Atl.* 367.

RICE, J. The affidavit filed in this case alleges "that the witnesses would testify that the defendant did not on the twentieth day of October, A. D. 1921, or any other date solicit or suborn one James Ewing to swear falsely as alleged in the indictment." This is very little more than an allegation that the witnesses would testify that the defendant was not guilty of the offense for which he had been indicted. We think the affidavit should go further and allege that the non-resident witnesses were present at the time of the commission of the alleged offense, or should allege facts and circumstances from which it would appear that the absent witnesses could and would testify to facts material to the issues in the case. This the affidavit filed fails to do.

There are three cases reported in this state which have some bearing upon the question presented. The first is the case of *State v. Hawkins*, 2 *Pennewill*, 474, 47 *Atl.* 618. In this case the affidavit simply alleged the absence from the state of a material witness; the court held it insufficient.

The next case is that of *State v. McConnell*, 4 *Pennewill*, 521, 57 *Atl.* 367, in which it is alleged:

"That the said witnesses would testify that they were present at the time of the alleged larceny, and that the defendant 'did not and could not' commit the offense charged."

The court held this affidavit sufficient.

The third case is that of *State v. Honey*, 2 *Boyce*, 452, 80 *Atl.* 38. In this case the affiadvit alleged:

"That the nature of the testimony of the said witness is that this deponent did not commit the act with which he is charged, the said witness being in company with this deponent at the time when said act is alleged to have been committed."

The court held the affidavit in this case sufficient.

For the reasons stated we are of the opinion that the affidavit filed in the present case is not sufficient.