SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

May 7, 2018

Edward C. Gill, Esquire
Law Office of Edward C. Gill, P.A.
16 N. Bedford Street
P.O. Box 824
Georgetown, DE 19947

David C. Malatesta, Jr., Esquire
Kent & McBride, P.C.
824 N. Market Street, Suite 805
Wilmington, DE 19801

RE: *Brian Taylor v. Green Acres Farm, Inc., and Jonathan Hurd*
*C.A. No.: S17C-01-012 ESB*

Dear Counsel:

This is my decision on the Amended Motion for Summary Judgment filed by

Defendants Green Acres Farm, Inc., and Jonathan Hurd in this personal injury action

arising out of a motor vehicle collision where Plaintiff Brian Taylor drove his

motorcycle into the back of Hurd's dump truck. Hurd was an employee of Green

Acres Farm, Inc. Hurd was driving a Green Acres dump truck when he pulled out of

a farm field and onto Dairy Farm Road and headed northbound. Prior to turning onto

Dairy Farm Road, Hurd came to a complete stop and looked both ways. Hurd saw a

black sport utility vehicle approximately a quarter of a mile down the road, but he did

not see Taylor's motorcycle. Hurd pulled out onto Dairy Farm Road and was on it

for approximately 9.9 seconds and had traveled 136.9 feet when his dump truck was

struck in the rear by Taylor's motorcycle. Taylor survived the accident, but has no recollection of the events leading up to it.

Taylor filed a complaint alleging that Hurd was negligent in (1) failing to yield the right of way, (2) operating a vehicle at a speed greater than able to avoid a collision, (3) careless and inattentive driving, and (4) reckless driving. Taylor alleges that Green Acres is vicariously liable for Hurd's actions.

I have granted the Amended Motion for Summary Judgment filed by Green Acres and Hurd because the evidence established that Taylor was at fault.

## STANDARD OF REVIEW

This Court will grant summary judgment only when no material issues of fact exist, and the moving party bears the burden of establishing the non-existence of material issues of fact.[1] Once the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of material issues of fact.[2] The Court views the evidence in a light most favorable to the nonmoving party.[3] Where the moving party produces an affidavit or other evidence sufficient under *Superior Court Civil Rule 56* in support of its motion and the burden shifts, the non-moving party

---

[1] *Moore v. Sizemore, 405 A.2d 679, 680 (Del. 1979).*

[2] *Id. at 681.*

[3] *Id. at 680.*

may not rest on its own pleadings, but must provide evidence showing a genuine issue of material fact for trial.[4] If, after discovery, the non-moving party cannot make a sufficient showing of the existence of an essential element of the case, then summary judgment must be granted.[5] If, however, material issues of fact exist or if the Court determines that it does not have sufficient facts to enable it to apply the law to the facts before it, then summary judgment is not appropriate.[6]

## DISCUSSION

In order to survive a motion for summary judgment, Taylor must adequately establish all of the elements essential to his case that he would have the burden to prove at trial.[7] Negligence is not presumed.[8] In Delaware, a negligence claim requires a plaintiff to "prove by a preponderance of the evidence that the defendant's actions breached a duty of care in a way that proximately caused the plaintiff's injuries."[9] When the plaintiff's claim involves bodily injuries, "the casual connection

---

[4] *Super. Ct. Civ. R. 56(e); Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[5] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991), *cert. den.*, 112 S.Ct. 1946 (1992); *Celotex Corp.*, 477 U.S. 317 (1986).

[6] *Ebersole v. Lowengrub,* 180 A.2d 467, 470 (Del. 1962).

[7] *Roache v. Charney*, 38 A.3d 281, 286 (Del. 2012).

[8] *Wright v. Adams Market, LLC*, 2015 WL 900806, at *1 (Del. Super. Mar. 2, 2015).

[9] *Roache*, 38 A.3d at 286.

3

between the defendant's alleged negligent conduct and the plaintiff's alleged injury must be proven by direct testimony of a competent medical expert."[10] Where the nonmoving party fails to produce sufficient proof of an essential element of that party's case, the moving party is entitled to summary judgment.[11] This Court will not draw unreasonable inferences in favor of the nonmoving party.[12]

## The Accident Investigation

Delaware State Police Officer Nicholas Demalto investigated the accident. The accident occurred on Dairy Farm Road at 3:41 p.m. on September 3, 2015. The weather conditions were good. The roadway was dry and it was daylight. Dairy Farm Road is a two lane road with the north and south bound lanes separated by a yellow line. Dairy Farm Road is straight with a vertical curve present and cresting prior to the area of the collision. The speed limit is 45 miles per hour. Taylor struck the left rear corner of Hurd's dump truck in the northbound lane of travel. Officer Demalto identified the point of impact between Taylor's motorcycle and Hurd's dump truck and measured the distance between the point of impact and the point where Hurd left a field path and turned onto Dairy Farm Road. This distance was 110.6 feet.

---

[10] *Id.*

[11] *Manerchia v. Kirkwood Fitness and Racquetball Clubs, Inc.*, 992 A.2d 1237, 2010 WL 1114927, at *2 (Del. Mar 25, 2010)(Table).

[12] *Smith v. Delaware State University*, 47 A.3d 472, 477 (Del. 2012).

4

The dump truck was 26.3 feet long, which when added to the point of impact of 110.6 feet results in the dump truck's total distance of 136.9 feet. Officer Demalto also conducted acceleration tests to determine the travel time for the dump truck from the point of entry onto Dairy Farm Road to the point of impact. The tests were conducted using the same dump truck, loaded under similar cargo weight, and with a driver who did the same type of work for Green Acres as did Hurd. The acceleration tests considered both normal and full acceleration.

Green Acres and Hurd retained David Rineholt of Collision Technologies LLC to investigate the accident and reach an opinion as to the cause of it. Rineholt found that Hurd's dump truck entered onto Dairy Farm Road approximately 110.6 feet south (prior to) the point of impact. Taking into consideration the acceleration rate, length of the dump truck and the distance between the entry of the dump truck onto Dairy Farm Road and the point of impact, Rineholt concluded that it took the dump truck approximately 9.9 seconds to go from the point of entry to the point of impact. Put another way, the dump truck was on Dairy Farm Road for 9.9 seconds and had traveled 136.9 feet before Hurd's motorcycle ran into the back of it. Using the 45 miles per hour speed limit as the speed of Taylor's motorcycle, Rineholt concluded that Taylor's motorcycle would have been located approximately 653 feet prior to the point of impact when Hurd's dump truck entered onto Dairy Farm Road. Assuming

5

higher rates of speed for Taylor's motorcycle put his motorcycle further away from the point of impact. Taking into consideration a 1.6 to 2.0 second perception/reaction time, left Taylor with at least 7.9 seconds to avoid Hurd's dump truck. Given all of this, Rineholt concluded that (1) Hurd's dump truck did not dart out into the path of Taylor's motorcycle, and (2) the collision was caused by Taylor's misjudgment of his closing speed to the rear of Hurd's dump truck or Taylor's simple lack of attention.

Viewing the facts in a light most favorable to Taylor, there are simply no set of facts that provide him with an avenue to recovery. In order to meet his burden, Taylor had to at least establish all of the essential elements that are necessary to his claims. The record is devoid of any facts that Hurd breached a duty of care he owed to Taylor. There is simply no evidence that Hurd pulled out in front of Taylor. The record demonstrates that Hurd had established himself properly on Dairy Farm Road. Taylor's argument that because he ran into the back of Hurd's dump truck automatically establishes negligence on the part of Hurd is baseless. The fact that an accident occurred is not evidence of negligence. Without any knowledge about the accident, and more importantly, without an expert to establish causation of the accident, Taylor simply has been unable to establish the essential elements of his claims. This is a case, which by its nature, requires expert analysis. It is not a simple case of Hurd pulling out in front of Taylor. If that were the case, then the accident

6

would not have happened 110.6 feet down the road from where Hurd entered onto Dairy Farm Road. Instead, this case requires expert analysis to determine the cause of it. Hurd retained an expert to analyze the accident and reach certain conclusions about who caused it. Hurd's expert concluded that Taylor's negligence caused the accident and that Hurd was in no way at fault. Taylor does not have an expert and cannot challenge Hurd's expert's conclusions. Taylor also cannot challenge the facts. Taylor cannot say that Hurd pulled out in front of him and he cannot say that he was paying attention to the road in front of him. Quite simply, Taylor is unable to challenge the facts or Hurd's expert's opinions about who caused the accident.

## Other Motions

Taylor filed a Motion for a *Daubert* Hearing and a Motion to Strike. Taylor wants a *Daubert* Hearing so that he can challenge the work done by Demalto and Rineholt in reconstructing the accident. I have denied it. There is nothing unusual generally about accident reconstruction and Taylor has not pointed out a good reason for having a *Daubert* hearing in this case. Demalto made certain measurements regarding Hurd's point of entry onto Dairy Farm Road and the point of impact between Hurd's dump truck and Taylor's motorcycle. He also supervised the acceleration tests for the dump truck. Rineholt reviewed Demalto's work, performed his own analysis of the accident, and offered several opinions about the cause of the

7

accident. There is nothing unusual about any of this work. Quite simply, a party is not entitled to a *Daubert* hearing in every case that involves expert testimony. The Court still retains discretion as to whether to grant or deny such a request depending on the circumstances.[13] I have concluded that this case presents nothing but the usual accident reconstruction analysis and that no *Daubert* hearing is necessary.

Taylor also wants to strike Officer Demalto's opinions about the cause of the accident. That issue is moot since I only relied on Rineholt's opinions. I viewed Demalto's work as being factual in nature.

## CONCLUSION

The Amended Motion for Summary Judgment filed by Defendants Green Acres Farm, Inc., and Jonathan Hurd is **GRANTED** and the Motion for a *Daubert* Hearing and a Motion to Strike filed by Plaintiff Brian Taylor are **DENIED**.

**IT IS SO ORDERED**.

> Very truly yours,
>
> */s/ E. Scott Bradley*
>
> E. Scott Bradley

ESB/sal
cc:    Prothonotary

---

[13] *Kuhmo Tire Company v. Carmichael*, 526 U.S. 137, 152 (1999); see also *Minner v. American Mortgage & Guaranty Company*, 791 A.2d 826, 844-45 (Del. Super. Ct. 2000).