# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FREDERICK WILLIAMS, )
)
      Plaintiff-Below, )
      Appellant, )
)
v. )      C.A. No. N18A-06-002 ALR
)
JEFFREY L. COOK, D.M.D., )
)
      Defendant-Below, )
      Appellee. )

Submitted: September 21, 2018
Decided: November 20, 2018

*On Appeal from the Decision of the Court of Common Pleas*
**AFFIRMED**

## ORDER

This is an appeal from the Court of Common Pleas on an Order granting summary judgment to Defendant-Below. Upon consideration of the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Appellant/Plaintiff-Below Frederick Williams ("Williams") filed a civil lawsuit in the Court of Common Pleas on September 5, 2017, against Appellee/Defendant-Below Jeffrey L. Cook, D.M.D. ("Dr. Cook"), making claims for damages allegedly arising from a dental procedure that took place on October 27, 2015.

2.	Dr. Cook filed a Motion for Summary Judgment on the grounds that (1) Williams failed to provide necessary expert witness testimony to support his dental negligence claims against Dr. Cook; and (2) Williams did not properly establish an allegation of fraud against Dr. Cook because Williams failed to plead the basis for the claim with specificity.  The Court of Common Pleas granted Dr. Cook's Motion for Summary Judgment on June 1, 2018, entering judgment in favor of Dr. Cook and against Williams.

3.	Williams appealed to this Court, arguing that the Court of Common Pleas improperly granted summary judgment in favor of Dr. Cook.

4.	In response, Dr. Cook argues that this Court should affirm the Court of Common Pleas' decision.

5.	When considering an appeal from the Court of Common Pleas, "this Court sits as an intermediate appellate court."[1]  The appellate role of this Court is limited to correcting legal error and determining whether factual findings are "sufficiently supported by the record and are the product of an orderly and logical deductive process."[2]  The decision of the Court of Common Pleas granting summary judgment is entitled to a *de novo* review by this Court.[3]  A decision granting summary judgment will be affirmed if it appears from the record, in a light most

---

[1] *State v. Richards*, 1998 WL 732960, at *1 (Del. Super. May 28, 1998).
[2] *Wright v. Platinum Fin. Services*, 2007 WL 1850904, at *2 (Del. June 28, 2007).
[3] *Jackson v. Walgreens Corp.*, 2013 WL 2145938, at *2 (Del. Super. May 15, 2013).

favorable to the non-moving party, "that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."[4]

6. With respect to Williams's medical negligence allegation, the Trial Court properly held that Williams failed to produce expert testimony necessary to support a claim for dental negligence. Under Delaware law, when a party alleges medical negligence, that party is required to produce expert medical testimony detailing the applicable standard of care, the alleged deviation from that standard, and the causal link between the alleged deviation and alleged injury.[5] Accordingly, Williams was required to support his dental negligence claim through expert witness testimony, but Williams failed to do so. Thus, the Court of Common Pleas decision granting Dr. Cook's Motion for Summary Judgment on the medical negligence claim must be affirmed.

7. With respect to Williams's allegations of fraud, the Court of Common Pleas found that Williams failed to plead fraud with sufficient specificity to put Dr. Cook on notice of the exact nature of the alleged fraud. Williams conceded that he did not plead fraud with specificity. The Court of Common Pleas properly granted judgment on the fraud claim to Dr. Cook.

---

[4] *Id.*

[5] 18 *Del. C.* 6853(e). *See also Roache v. Charney*, 38 A.3d 281, 286 (Del. Feb. 24, 2012); *Henry v. Fisher*, 2010 WL 1427354, at *1 (Del. Super. Apr. 7, 2010).

8.      A *de novo* review of this case reveals that there are no genuine issues of material fact and Dr. Cook is entitled to judgment as a matter of law.  The Court of Common Pleas' decision is free from legal error.  The Court of Common Pleas did not abuse its discretion.  Thus, the Court of Common Pleas properly granted summary judgment to Dr. Cook.

**NOW, THEREFORE, this 20th day of November, 2018, for the reasons stated herein, the Court of Common Pleas' decision granting Defendant's Motion for Summary Judgment is AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**