# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KARL MANUEL, )
)
Plaintiff, )
)
    v. )   C.A. No. N18C-01-162 MMJ
)
CHERMIKA DOMINIQUE )
WESCOTT, )
)
Defendant. )

Submitted: July 8, 2020
Decided: August 3, 2020

On Defendant's Motion for Summary Judgment
**GRANTED**

## MEMORANDUM OPINION

Karl Manuel, *Plaintiff Pro Se*

Jennifer A. Sutton, Esq., Swartz Campbell LLC, Delaware, *Attorneys for Defendant*

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

On January 16, 2018, Plaintiff Karl Manuel filed this negligence action against Defendant Chermika Dominique Wescott. In his Complaint, Plaintiff alleges that he sustained injuries arising from an automobile accident that occurred on January 16, 2016.[1]

---
[1] Compl. ¶ 1.

1

Plaintiff filed his Complaint on April 16, 2019. Defendant filed an Answer on April 30, 2019. Defendant's First Set of Interrogatories and Requests for Production directed to Plaintiff were served on April 30, 2019. Following a Motion to Compel discovery responses and/or to Dismiss Plaintiff's Complaint, this Court ordered that Plaintiff had 30 days to respond to the outstanding discovery or the case would be dismissed. Plaintiff subsequently responded to the Interrogatories.

Plaintiff did not respond to Defendant's Requests for Production. The only medical records produced prior to the Request for Production consist of one page of records each for five visits between March 31, 2016 and April 12, 2016.[2]

The deadline for Plaintiff to produce an expert report was August 21, 2019.[3] The deadline for discovery was January 15, 2020.[4] Plaintiff has not produced an expert report opining that any injuries he allegedly suffered were caused by the accident on January 16, 2016.

Defendant filed this Motion for Summary Judgment on February 18, 2020. Plaintiff had the opportunity respond by July 27, 2020,[5] but did not file a response.

---

[2] Pl.'s Op. Br., Ex. C.
[3] *See* Case Scheduling Order, D.I. 63319894
[4] *Id.*
[5] *See* Letter to both parties regarding the reply and response deadlines to Defendant's Motion for Summary Judgment, D.I. 65721398.

## STANDARD OF REVIEW

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[6] All facts are viewed in a light most favorable to the non-moving party.[7] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[8] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[9] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[10]

## ANALYSIS

Rule 56(c) mandates the granting of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and one which that party will bear the burden of proof at trial."[11]

---

[6] Super. Ct. Civ. R. 56(c).
[7] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).
[8] Super. Ct. Civ. R. 56(c).
[9] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[11] *Manucci v. The Stop 'n' Shop Companies, Inc.*, 1989 WL 48587, *4 (Del. Super.).

In such cases, there can be no genuine issue of material fact and summary judgment should be entered.[12] "[W]here the non-moving party bears the ultimate burden of proof on an issue at trial, the moving party may instead demonstrate that a complete failure of proof concerning an essential element renders all other facts immaterial."[13]

In order to survive summary judgment, Plaintiff must adequately establish all of the elements essential to his case that he would have the burden to prove at trial.[14] In a negligence claim that involves alleged bodily injuries, "the casual connection between the defendant's alleged negligent conduct and the plaintiff's alleged injury must be proven by the direct testimony of a competent medical expert.[15]

The Court finds that Plaintiff has neither identified an expert witness nor produced an expert report as required to establish a causal connection between the January 16, 2016 accident and his alleged injuries. Thus, Plaintiff cannot prove an essential element of his negligence claim.

---

[12] *Id.*

[13] *Kanoy v. Crothall American Inc.*, 1988 WL 15367, *1 (Del. Super.) (citing *Celotex Corp.*, 477 U.S. at 322).

[14] *Roache v. Charney*, 38 A.3d 281, 284 (Del. 2012).

[15] *Rayfield v. Power*, 840 A.2d 642 (Del. 2003) (TABLE) (citing *Money v. Manville Corp.*, 596 A.2d 1372 (Del. 1991)).

THEREFORE, Defendant's Motion for Summary Judgment is hereby

GRANTED.  This case is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

_____
The Hon. Mary M. Johnston